Mr. Sengall, may it please the Court, my name is Kyle Sengall and I represent the Appellants. This Court should reverse the District Court's denial of the motion to intervene and the motion for relief from judgment because the District Court abused its discretion in denying each of those motions. Appellants are a group of unsophisticated investors who invested $2 million or so in what they thought was a real estate development in Costa Rica. Turns out there was a broad fraud chiefly centered in Belize and Appellants' money was swept up in its takedown. The FTC now, the very agency that purports to protect victims of such consumer fraud, now accuses these victims of seeking to cut in line in front of the Belize victims even though Appellants should not have been in that line to begin with. Broadly speaking, there are four issues, two on the motion to intervene, jurisdiction and the requirements of Rule 24A, and two on the motion for relief from judgment, the applicability of Rule 60B-5, and the merits of the constructive trust claim. I would intend to start with jurisdiction and go in order, but I welcome the direction and questions of the panel. Turning to jurisdiction, the rule from Griggs and Doe is that when a party files a notice of appeal, that divests the District Court of jurisdiction over that party's litigation. The same is not true when the party that files the notice of appeal is different from the would-be intervener, as in this case. None of the cases cited from this court support the FTC's proposed rule that the would-be interveners here cannot bring their claim because the District Court lacks jurisdiction. It's a little more complicated than it needs to be. Well, particularly when it's a case up on appeal. Normally, the presumption is the District Court leaves it alone. Leaves alone the aspects of the case that are on appeal. However, the District Court, undisputedly, has continued retained jurisdiction over the receivership in this case, and it has been exercising that jurisdiction throughout the pendency of the appeal. Moreover, in cases such as in appeals arising under Rule 54B or 1292B, interlocutory orders even, there is dual jurisdiction with the District Court and the Court of Appeals, exercising jurisdiction over different aspects of the case, particularly when they involve different parties at the same time. I'm not sure how this case can be parsed quite that cleanly. The issue is whether the District Court had jurisdiction to entertain the motion to intervene. Nothing about that intervention motion itself overlaps in any way with the appeal that was pending in this court at the time that motion was filed. Certainly, the District Court at least had jurisdiction to rule on the motion to intervene, even if it may have believed that the merits of the constructive trust claim somehow overlapped with the appeal. I would note that this court's decision that resolved the appeal a few months ago says nothing about Newport Land Group, about our clients, about their money, or even about Costa Rica, which supports the idea that nothing in our claims overlaps with the issues that were on appeal.  What it suggests is that your people didn't appeal. That's what it really suggests. Yes, Your Honor. That case wasn't in front of us. That's right. That's right. No. It was their decision not to intervene and their decision not to join in the appeal. And we readily acknowledge that our clients didn't intervene until they filed these motions after AMG. And they did that because they thought, the honest-to-goodness thought, that the District Court would, when it reevaluated the defendant's liability on remand from the principal appeal, would give them a seat at the table and see if they could get their money back out of this receivership, that it should never have been in in the first place. Well, I understand that. But clients often — clients and lawyers, too, often make miscalculations. Right. And that's what they did here. In some — It was a choice. In some of the — They could join the case when it was live or not, and they decided not to. They decided to wait, according to you. Maybe they didn't know about the case, but they don't tell us that. Your position is they made a conscious decision to wait. Well, I can't take the position that they didn't know about the case. They knew about the case. Right. Sure. But they didn't know that they were supposed to file a Rule 24 motion to intervene. Well, and did their — were they represented? Only briefly in California before NLGA was made a party. Right. Right. But to be fair — You said, I didn't know because I didn't have a lawyer. Well, right. They had a bad lawyer. We admit that. But they had a bad lawyer at a time when NLG was not yet a party. And so their decision to file a lawsuit in state court isn't as maybe laughable as it seems in hindsight. At the time, these were people who were largely from California. They had invested in California. And they had no reason to know as laypeople that they needed to file a Rule 24 motion in federal court in Maryland. Judge Marsh touches upon a little weakness in your case here. And it's all over the matter of timeliness. And you decided to take your — you know, you gambled. You decided to bring your claims against NLG in state court in California rather than litigate in the case before Judge Macedi. And then when the California case didn't pan out to your liking, you said, Oops, we're going to jump on the tracks and get into this case. Well, you know, a lot had happened in this case while you were fiddling around in California. And it had sort of been wrapped up. A receiver had been appointed. Some of the money had been distributed to the victims of the Sanctuary Belize scam. And there was an awful lot of water over the dam. And so you come in, the investors come in at the last minute and said, Oh, we're entitled to some of this money too, which, of course, would embroil the receiver in additional proceedings, making additional expenses, causing the victims of the Sanctuary Belize trial to have to wait for relief. And it just seems to me that it's a little late in the day for you to be jumping into this matter. Even if it wasn't late in the day, your intervention is sufficiently different to raise the question of whether this is a complicated matter, to say the least. And having an intervenor, the investors in NLG being an intervenor, is going to make a life of perfect mess and a very complicated mess for Judge Mecedi. And so it just seems to me that, you know, you took your chances, they didn't pan out for you, and now you come in and want to intervene in a manner that's going to work to the disadvantage of all those who had litigated the case from the start and were expected to receive some funds from the receiver dealing with the Sanctuary Belize scam. Your Honor. Your problem is you prejudiced all the people that were there in this litigation in a timely fashion. You just prejudiced them. Your Honor, if I may respond to that in a few parts. There are three factors, as Your Honor knows, in timeliness. How far along the suit is, prejudice, and the reason for delayed intervention. I'll go to prejudice first. Just to be clear, two of my clients of the appellants are in fact lot owners in Belize and are victims in the Belize scam as well. So in terms of prejudicing other victims, they're also victims of that scam. Second, you said entitled to some of this money too. Our position on the merits is and has been that appellants' $1.95 million should never have been in that pot of money to begin with. It's a windfall to the FTC, and perhaps if any pennies on the dollar trickle down to the victims of the Belize scam, a windfall of a few pennies there as well. As to how complicated the matter would be, not particularly. In our motion to intervene, we identified, which is what Rule 24 says to do in our motion for relief from judgment, that we sought relief in the form of return of our funds from the receivership. And it's not particularly complicated to rule on the matter of law that our clients were the beneficiaries of a constructive trust. In fact, for that we cite the Kim case in our brief on page 33 and 34 of our brief, and the FTC didn't respond to that whatsoever. So we would argue that that point has been conceded. And that matter of law is fairly straightforward following the Kim case, which is fairly analogous to this one. And finally, as to the point that our clients gambled and lost, that language was used by this court in the Alt case, where the would-be intervener there, quote, admitted that they gambled and lost. Here, our clients had no idea what they were doing. And that is the record is distinct in that there was a factual admission on record that the would-be interveners gambled. Here, there was not much of a gamble. They were hoodwinked into following the bad advice of a lawyer in California to file a suit. Now, one more point I'll make about that, and then I'll leave it alone, is when the district court held a bench trial in this case, This whole thing isn't complicated, but trying to figure out what the relationship of the NLG investors is, those may differ from individual to individual. I don't know who, you know, we don't know at this point who was defrauded by NLG and who was not, and whether they investigated the property and who didn't, and who is due what and who is not. You say, oh, that's not complicated? I don't think there's been much opposition to the idea that the appellants invested $1.95 million, and the judge himself said that that money was frankly irrelevant to the Belize case, and yet the money was taken into the receivership. So as to prejudice, I think there's very little. One more point I would make as to why they should not be dinged for failing to intervene in 2018 or 19, and that's that the district court himself didn't ding them for that in 2020 or 2021, when he invited letters or motions from the appellants. Following the bench trial, when the district court issued its opinion in August 2020, the district court said, I invite at least David Hyman, who would come to testify, to send a, quote, motion requesting return of his funds. Nothing mentioned about a Rule 24 motion. There is no such thing in the FRCP that contemplates this motion for request, and so it's hard to fault the movements for not knowing that they were supposed to file a Rule 24 motion when even the district court telling them what to do didn't tell them to do that and didn't then hold it against them that they had not intervened in 2018 or 2019. Only after we filed the motion to intervene did it become an issue that the appellants had not previously intervened in 2018 or 19. Up until that point. You know, we have to look down the road in this business, and if we reversed a district judge for abuse of discretion in denying a motion to intervene that was filed after the litigant had litigated elsewhere, eight months after an AMG case came down, on the advice of counsel, it is, what is the impact on district judges across the circuit of something like that? Very slim. Excuse me. They're going to say no matter how untimely your motion to intervene, no matter how uncertain and speculative your interest in the case is, you've got to grant the motion to intervene. And that complicates litigation in this circuit to quite an extent. It would be received by the district judges in this circuit, by the bar in general, as a wet cat on the table. Your Honor, I see that I'm out of time. You've got some time for rebuttal, okay? Can I just put something to you before you sit down? Yes, please. Let's take away the rights and wrongs and strategy or whatever of your client and your actions and go back to your first point about jurisdiction. And you seem to think that the court was wrong in saying it had no jurisdiction to issue this. I think if you read carefully Public Citizen, you will find that the jurisdictional ruling was correct. And if the jurisdictional ruling is correct, you're out of court. Now, we'll listen to what the government has to say, and then you can come back and tell me why I'm wrong on that, okay? Thank you, Your Honor. Thank you. Good morning, Your Honors. May I please the Court? Is it possible you could start with jurisdiction? Absolutely, Your Honor. Thank you. The district court at the time certainly did not have jurisdiction to rule on the motion to intervene because what appellants sought from their intervention was to seek relief from the default judgment against NLG, which itself was on appeal. They sought to extricate the NLG assets from the receiver. That order was also on appeal before this court, and therefore the easy answer to the jurisdiction is imagine if the court took the case, the district court took the case, allowed them to intervene, ruled on the motion for relief, and granted them relief when at the same time, on November 1, this court affirmed which then would have two contradictory decisions by two courts. And that's a fine theoretical argument. Correct. But what I'd like you really to talk about is the case on which they rely in saying that we – and that's the public citizen case. Correct. Which I read a little differently, and so how would you distinguish or how would you tell us that public citizen doesn't do what they say it does? Remember what – do you remember public citizen? I mean, I know there's, as Judge Wilkinson said, there's a lot going on here. If I may, public citizen said exactly, if there is a motion to intervene, when the relief that the interveners are seeking is an issue before the court of appeals.  Then you have to deny the motion to intervene. Right. There is no distinguishing characteristic between the two cases. But if I may, because the district court denied their – Well, what they read it as is when a putative intervener filed a notice of appeal, the district court then lacks jurisdiction to entertain an intervention motion by that same party. See, they limit it, and they say that that's the only holding. In other words, you're limited from intervention by that same party. The person that's appealed, I guess. I don't know. I'm sorry, Your Honor. A person who has not intervened, how would they be an appellant? When a putative intervener – It's a putative. Although it is true as a matter of fact, consumer groups who moved to intervene in public citizen were the only consumer groups that noticed an appeal. Right. The public citizen majority did not indicate that this was a relevant fact, I think. And that's what they say, that that is the holding of public citizen. Their argument is if they were not parties, then the rule does not apply to them. Correct. But the whole point of intervening in Doe v. Public Citizen was that it was intervention by no parties. Right. I'm sorry. And so I don't think you can get away from that holding. The whole point of intervening is to become a party. And so as long as the relief you are seeking from your intervention is an issue before the court of appeals, then you cannot intervene. And it makes perfect sense. Again, in the hypothetical I posited, if the court had granted them the motion to intervene and entertained the motion for relief and granted them relief when this court at the same time, in fact, affirmed.  I understand what you're saying. That's why they could not do that. But that's not the only thing. Even if we go past the issue of jurisdiction, because this court did, in fact, in November, affirm, finish the appeal. And the case is now back before the district court. Even on the merits of their intervention motion, they failed to satisfy every one of the requirements. And the one, there was a lot of talk about the timeliness, the gross untimeliness of their motion. But there is another probably more substantive reason that they cannot intervene, which is their interest in the subject of the litigation. It's not that the rule for intervention is not that any party that could win or lose something from the outcome of the litigation would satisfy that interest. This court's decision in Gould v. Alito makes perfectly clear the interest has to be in the subject of the litigation. The subject of the litigation here was the fraud that related to the sanctuary Belize development in Belize. You heard my friend freely admit, and they've admitted in their papers, they had nothing to do with sanctuary Belize. Their interest is simply they invested in a different development in Costa Rica that NLG was supposed to manage. And now they're concerned that after the litigation in sanctuary Belize, there'll be no money left for them to pursue their claims against NLG for fraud. This is exactly what Gould v. Alito said. That interest does not qualify under 24A2. If you recall, in that case, it was bondholders that were seeking to intervene because they were concerned in a securities fraud litigation. They were concerned that the stock class members, in their litigation, there'd be nothing left for them. Let me ask you, Ron, that it seemed to me that Judge Massidi, his ruling had two parts. He says, first of all, there's no jurisdiction. Second of all, he said, I don't have jurisdiction. He said, even if I do have jurisdiction, this is going to be denied. In other words, he wasn't going to let them in. He wasn't going to. He has struggled so long with this case, and it's a complicated piece of litigation, and he was not going to let them in. And I think wisely and correctly so. And to me, the question of jurisdiction, it bottoms out on how much of an interference is it with the court of appeals adjudication for the district court to rule on an intervention motion before the trial court? What are the potential risks of interference, of having the case go off on two tracks of contradictory rulings? And if you look at that risk of interference with the court of appeals function as a bottom line, I think that there's a, as you have pointed out in your argument, I think there's a risk of interference here. And that's why I think that it was wise to let us decide the appeal and not get in the middle of it with a ruling that would complicate things even further. And then if you do want to take the extra step and say, even arguendo that there's jurisdiction, which has all kinds of problems holding that there's jurisdiction, to say that he abused his discretion, given the untimeliness of it? Well, so it strikes me that timeliness is at the heart of the jurisdictional argument. So suppose they had moved to intervene while this was still in the district court. The district court would have jurisdiction, it would be timely, and then what? It could have been timely, Your Honor. But even if they did, that's a great question. Let's say that their intervention happened before the notices of appeal were filed. Right. And the district court had jurisdiction and was willing to entertain their claims. There are two things to point out here. First, the district court ruled against them on the merits of the intervention because their interest simply does not qualify under 24A2, as this court's precedent in Gould v. Alaco shows. Two, bear in mind that the district court, in fact, had considered the merits of their claims in its second memorandum opinion and said, no, you do not get to jump the line ahead of the victims of the fraud. The appellants here are merely investors, and they want to jump ahead of the people who were defrauded by the company they invested in. And the district court said no. So they lose on the jurisdiction, they lose on the timeliness, they lose on their interest because they do not have a recognizable interest, and they lose on the merits. This is kind of academic, but let's give them back timeliness. So they move to intervene not after the district court has done these various motions, but just in the very beginning. Yeah. Then what? Then they have to show that their interest in the subject of this litigation qualifies them to become parties. The Gould v. Alaco precedent completely forecloses that argument for them. Their interest as investors in NLG does not qualify under 24A2 to allow them to become parties in the sanctuary's litigation. The district court's conclusion is subject to review for what? I'm sorry, which conclusion? This hypothetical conclusion where they moved to intervene before the district court had made all these rulings, and so it was timely.  It's still abuse of discretion. The review of the intervention is for ‑‑ Okay. If I may just point one thing out on the jurisdiction. We obviously continue to believe and hold the position that the district court at the time did not have jurisdiction, but the district court did go ahead and also rule on the merits of the intervention, and I would ask this court to certainly rule on the jurisdiction, but if you stop there, then you're leaving yourself, you're leaving everybody, the district court, Judge Messeri, open to another motion to intervene now that the case is back before him, only to go back up with exactly the same arguments. So we would ask that the court certainly rule on the jurisdiction, because it is an important point to me, but to also reach the merits of the intervention and rule on that. Of course, if the court didn't have jurisdiction, I mean, in other cases, like not this case, we usually don't rule up or down on the rationale on which the court improperly exercised jurisdiction. Absolutely, Your Honor, but there is a way for this court to do that. In the Doe v. Public Citizen case, the lack of jurisdiction on the district court's part is not a subject matter jurisdiction. It's a jurisprudential kind of jurisdiction. Oh, what kind of? Jurisprudential. It's to make sure that we don't have two courts deciding the same issue. And so this court in Doe did recognize some exceptions where it can reach the merits. One of those exceptions is, it says, when that would promote judicial efficiency and facilitate the division of labor between the trial and the appellate courts. And it cites two examples, the Little v. Griffith case and the Fobian v. Storage Tech corporations, as examples where when we're talking about not subject matter jurisdiction, but jurisdiction of the jurisprudential nature, that this court can reach the merits as well. But the overall interest to me seems to me to keep this litigation, which is vastly complicated as it is, from becoming even more complicated and more bogged down with two different sets of investors and companies and the receiverships, resources, and the rest. And what you're saying is that it is permissible to say that there's no jurisdiction. And because it's a jurisprudential ruling, there's no abuse of discretion. And that's the step that will spare us another appeal. But not only that, we'll keep this already complicated piece of litigation from becoming even more so. Absolutely, Your Honor. That's absolutely right. And if I may, as to my friend's point that this is only a legal question that the district court could rule on, on their claims, nothing could be further from the truth. First, their claim, even though it has really nothing to do with this litigation, their claim is against NLG, that NLG defrauded them when they made their investments, that they made their investment thinking they were making it for a project in Costa Rica, but NLG and the individuals that were the head of that common enterprise basically used all of that for their sanctuary beliefs. Those claims against NLG, they have two theories of remedy, the constructive trust and the contract. There is so many factual findings that need to be done on those two claims, even if the court were to entertain it. You have to show, in fact, there was fraud. Each individual of any of the appellants, you have to go into the circumstances of their individual investments, what representations were made to them. It's the worst morass you could think of. Absolutely right. You just can't think of a worse morass. But I come back to your point that if we find there's no jurisdiction, that we do have some flexibility because there are jurisdictional rulings that put the federal courts in a posture of contradicting what Congress said with respect to diversity and federal question jurisdiction. But the question here on intervention is a little bit different. It deals with relationships between the appellate courts and the district courts within the federal judicial system. Correct. That kind of jurisdictional question involving the interplay between federal appellate courts and federal district courts is something where we have a greater degree of expertise and, in addition, doesn't run the risk of a conflict with Congress over grabbing a piece of a suit in violation of the diversity of citizenship or taking a purely state law case without a federal question. Those bring us into conflict with Congress. Correct. The jurisdictional ruling here does not. Correct. That's exactly right. And that's where the exceptions that this court in public citizen pointed out to could help this court reach beyond the jurisdictional impediment. And it's only because the appeal had been decided. That's what makes this possible. Because the appeal was decided, the lack of jurisdiction was temporal for the district court. It was only because, at the time, there was an appeal. Well, now there is no longer an appeal. So if the case were to go back to the district court now, the district court would have jurisdiction to entertain it. And then its decision on the merits of the intervention motion would become then appropriate and proper for review of this court. And therefore, we ask that this court affirm both on the lack of jurisdiction, but also affirm on the inappropriate intervention of these appeals. And if there are no more questions, I thank your court. Thank you, counsel. Thank you. Mr. Singbo. Yes, Your Honor. If I may, first on Judge Motz's question about public citizen, my reading is that public citizen was a non-party when it appealed a sealing order and an order allowing Company Doe to use a pseudonym. And when it went on appeal, it had non-party appellate standing. All right, so it wasn't a party, but it was the same entity, public citizen, who filed a motion to intervene in the district court. It's the same person, the same entity filing both the notice of appeal and the motion to intervene. And in that circumstance, the district court lacked jurisdiction over the motion to intervene. Those are the facts of that case. Right. But what you want to do is to limit the holding to the facts. I mean, lots of cases have different facts but the same legal principle. I would take the opposite view, which is that expanding that to a case where the motion to intervene has nothing in common with the appeal is an expansion of an apparent limit on jurisdiction when it's still undisputed that the district court has jurisdiction to administer the receivership. And so for that reason, we don't quite follow the argument that there's no jurisdiction at all to entertain this receivership-related matter. And it seems clear that nothing this court could have done in the Pucky appeal would in any way conflict with our client's claims. Second, as to the impact on lower courts, one thing this court could do in ruling is it could identify the errors of law that the district court made in its opinion. And we know that errors of law are abuses of discretion. So on page 9 of the district court's opinion, it misapplied the prejudice prong of the intervention analysis. And it said that we don't look at, you know, the difference between prejudice now and prejudice if we had seen the intervention earlier. We'd look at prejudice full stop. That's an error of law. In Gould, the court said you look at the prejudice caused by the delay. And so that would be an error of law. There is no prejudice caused by the delay. Second, the district court erred as a matter of law on page 17 when it held that our clients were, quote, mere potential creditors. Now, admittedly, that requires taking a look at the merits of the constructive trust claim, which I can imagine this court would be reluctant to do. But holding that we are mere potential creditors is incorrect and inconsistent with the record that was before the court. In terms of the impact that this would have also, this court could make a narrow ruling that looks at the particular language that the district court used, both when it invited responses following the issuance of its August 2020 opinion and when it rejected the responses that it received in its January 2021 opinion. At no point then did it hold against appellants that they had failed to intervene in 2018 or 2019. And, again, appellants argue that when the district court stated in footnote 20 of its August 2020 opinion that it would reconsider liability on remand, that provided an opening for them to enter with minimal prejudice and with minimal harm from the delay to the district court and to the litigation. We therefore ask this court to reverse both on jurisdiction and on the merits of the motion to intervene. Thank you.
judges: J. Harvie Wilkinson III, Stephanie D. Thacker, Diana Gribbon Motz